IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

vs.　　　　　　　　　　　　　　　　Case Nos.:　3:94cr3066/RV
　　　　　　　　　　　　　　　　　　　　　　　　3:12cv279/RV/CJK
ELVIS WHITE
_____/

REPORT AND RECOMMENDATION

　　　　This matter is before the court upon Defendant's amended motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (doc. 149). Rule 4(b) of the Rules Governing Section 2255 Proceedings provides in part that "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." After a review of the record, it is the opinion of the undersigned that the court is without jurisdiction to entertain Defendant's motion and that it should be summarily dismissed.

BACKGROUND AND ANALYSIS

　　　　By a judgment dated August 25, 1994, defendant was sentenced to a term of 420 months imprisonment after his conviction for one count of conspiracy to possess with intent to distribute cocaine and cocaine base (doc. 62). His conviction and sentence were affirmed on appeal (doc. 104). On June 8, 1998, he challenged his conviction by means of a motion to vacate pursuant to 28 U.S.C. § 2255 (doc. 105).

His section 2255 motion was found to be barred by the statute of limitations and dismissed. (Doc. 115). Over a decade later, on June 11, 2012, defendant filed another section 2255 motion, (doc. 145), and then, an amended motion, (doc. 149), seeking relief under the Supreme Court's decision in *DePierre v. United States*, 131 S. Ct. 2225, 180 L. Ed.2d 114 (2011), which, he asserts, is a new rule of law reducing the length of his sentence. (Docs. 149, 154).

Before a second or successive application for section 2255 relief is filed in the district court, the defendant must move in the appropriate court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3) and § 2255(h); *Felker v. Turpin,* 518 U.S. 651 (1996); *United States v. Holt*, 417 F.3d 1172, 1175 (11th Cir. 2005); *Carter v. United States*, 405 F. App'x 409 (11th Cir. 2010). This authorization is required even when, as here, a defendant bases his motion on the claimed existence of a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. 28 U.S.C. § 2255(h)(2). Defendant has not obtained authorization from the Eleventh Circuit Court of Appeals to file a successive motion.[1] Therefore, the instant motion to vacate must be dismissed.

## CERTIFICATE OF APPEALABILITY

As amended effective December 1, 2009, § 2255 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a

---

[1] Defendant's reply, (doc. 154), to the government's response, (doc. 152), seems to allege that his 2255 petition is eligible for review by this court under section 2255(f)(3) instead of section 2255(h). For future reference, section 2255(f)(3) is applicable to a defendant's first 2255 motion and addresses the appropriate statute of limitations period applicable to that first motion. A second successive 2255 motion, however, is dealt with under section 2255(h) and requires certification from the Eleventh Circuit.

final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. § 2255 11(b).

After review of the record, the court finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of new Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED**:

1. Defendant's amended motion to vacate pursuant to 28 U.S.C. § 2255 (doc. 149), be **SUMMARILY DISMISSED**.

2. A certificate of appealability be **DENIED**.

At Pensacola, Florida, this 13th day of November 2012.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only</u>. A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).